UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21072-CIV-HOEVELER/WHITE
(09-20672-CR-HOEVELER)

EDDIE LEE HUDSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND SUPPLEMENTAL REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, AND CLOSING CASE

THIS CAUSE comes before the Court upon the Supplemental Report of the Magistrate Judge filed September 24, 2013, recommending that the Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be denied, and that no certificate of appealability be issued. For the reasons stated below, the Court adopts that Supplemental Report and Recommendation, and the original Report and Recommendation.

Petitioner Hudson was convicted after a jury trial as to two Counts of possession, as a convicted felon, of a firearm and ammunition on two separate occasions (Counts I, II), and one Count of possession, with intent to distribute, of cocaine (Count III), and one Count of possession of a firearm in furtherance of a drug trafficking crime (Count IV). In light of Hudson's prior state court convictions in 2004 (for possession with intent to distribute cocaine, pursuant to Fla. Stat. 893.13, and in 2006 (for manslaughter), his sentencing offense level was increased to 34 and his criminal history category was raised to Category VI, pursuant to Section 4B1.1 (and 4B1.2) of the United States Sentencing Guidelines, as Hudson

was found to be a career offender.

After reviewing Hudson's objections to the Presentence Investigation Report (PSI) and hearing argument from counsel at sentencing[1] - which included objections to the career offender enhancement, this Court sentenced Hudson to a total of 228 months, which included 168 months for Counts I - III, to run concurrently with each other, and 60 months for Count IV, to run consecutively. Hudson subsequently lost his direct appeal (which raised only the argument that the selection of the jury was improper pursuant to Batson v. Kentucky, 476 U.S. 79 (1986)), and also was unsuccessful in appealing this Court's denial of Hudson's request for a sentence reduction under 18 U.S.C. § 3582(c)(2).[2]

Hudson filed a timely motion under § 2255, arguing that he was entitled to relief because of his counsel's ineffectiveness.[3] After the Magistrate Judge prepared his initial Report and Recommendations as to Hudson's motion, Hudson sought leave to "supplement" his motion, arguing that his sentence was excessive in light of the ruling announced in Alleyne v. United States, 133 S.Ct. 2151 (2013), and that he was wrongly sentenced as a career offender because his state court convictions

---

[1] See Transcript of sentencing, Case No. 09-20672-CR-WMH, ECF No. 106, pp. 23-26.

[2] On February 3, 2014, the appellate court affirmed this Court's rejection of Hudson's argument that he was entitled to relief under the Fair Sentencing Act of 2010.

[3] Hudson complained of counsel's conduct as to the alleged failure of counsel to challenge the underlying convictions and also to object to the sentencing enhancements based on Hudson's prior conviction for a controlled substance offense, the crack cocaine sentencing disparity issue, the nature of the cocaine which had been found at the time of Hudson's arrest on federal charges, the question of whether he consented to the search of the vehicle, and the charges against Hudson as to possession of a firearm and ammunition.

should not qualify as predicates, according to the decision in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013). This Court asked that the Magistrate Judge address these new arguments; before the Magistrate Judge had the opportunity to do so, Petitioner Hudson again sought to supplement his motion, arguing that his conviction and sentence violated the Fifth and Eighth Amendments to the U.S. Constitution in light of the decision in <u>United States v. Windsor</u>, 133 S. Ct. 2675 (2013). The Magistrate Judge directed the United States to respond to Petitioner's supplemental claims, and the United States has done so.

The Magistrate Judge issued his Supplemental Report and Recommendation on September 24, 2013. Hudson then filed what appear to be objections on October 29, 2013,[4] in which he claimed to be "actually innocent of the career offender enhancement" as he claims that his prior state court convictions were not qualifying prior convictions to trigger a sentence enhancement. For example, he argues that his drug conviction was a strict liability offense under an indivisible statute, the elements of which do not meet the definition of a "serious drug offense" under the Armed Career Criminal Act[5] or the Sentencing Guidelines,[6] and that his conviction

---

[4] The filing is styled "Petitioner's Claims Relevant to <u>Alleyne</u> and <u>Descamps</u>, of which Relate Back to his Initial Claims Presented in the Motion filed Pursuant to Title 28 U.S.C. § 2255, that Must be Addressed and Adjudicate [sic] on the Merits." (ECF No. 22).

[5] Hudson was not sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). However, the same analytical framework has been applied in cases involving sentencing enhancements under the Armed Career Criminal Act or the Sentencing Guidelines. See, e.g., <u>United States v. Ramirez-Flores</u>, 743 F.3d 816, 820 n.2 (11th Cir. 2014).

[6] Hudson also argues that the jury was not instructed as to "what crack cocaine warranting the 100 to 1 enhanced penalties is when determining guilt," and that the drug type and quantity were elements which had to be proven beyond a

3

for manslaughter also was pursuant to an indivisible statute and because the offense could have been committed in a manner that is not a violent felony it therefore should not have been considered as a predicate violent felony for sentencing purposes.[7]

The Court has reviewed the Report and Supplemental Report of the Magistrate Judge and finds that the Magistrate Judge's Recommendations are based on a thorough review of governing precedent. As recommended by the Magistrate Judge, this Court agrees that Petitioner has failed to state a basis for relief as to any of the claims. Nor has Petitioner demonstrated that he is entitled to relief as to any of the claims or arguments made in his most recent "supplement."[8]

The only two areas of Hudson's claims in his original § 2255 Motion which merit discussion by this Court are his claims relating to the sentencing enhancement. The Court notes, as an initial matter, that Hudson's counsel filed objections to the PSI and also raised oral objections at the time of sentencing,

---

reasonable doubt. Notably, Hudson had entered into a stipulation as to the cocaine evidence, and the following statement was read to the jury: "the 48 plastic baggies [found in the vehicle] containing [sic] 48 rocks, or 2.3 grams, of cocaine base, commonly referred to as crack cocaine." Case No. 09-20672-CR, ECF No. 104, p. 42 (Trial Transcript).

[7]The Court also has reviewed the Petitioner's "Supplement," docketed January 31, 2014, in which he argues briefly that he was incarcerated unconstitutionally as a career offender based on a sentencing enhancement under 21 U.S.C. § 851 and Section 4B1.2 of the Sentencing Guidelines, relying again on Descamps v. United States, 133 S.Ct. 2276 (2013). Petitioner's Motion to Supplement, is GRANTED *only to the limited extent that any of the arguments contained therein properly relate back to his original petition.*

[8]The Supreme Court has not yet announced that the decision in Descamps applies retroactively on collateral review.

4

arguing that the two state court offenses should not be relied upon for sentencing enhancement purposes. Although counsel raised these arguments at sentencing, Hudson did not challenge his sentencing enhancements on appeal.

Even if Hudson's counsel had challenged the enhancement on appeal, and even if Hudson were permitted to raise claims at this time under Alleyne and Descamps (there is no current controlling precedent to support that these decisions are applicable on collateral review under the facts of Hudson's case) or any other theory,[9] the Court notes that the Eleventh Circuit has determined that a conviction pursuant to Fla. Stat. § 893.13 qualifies as a "controlled substance offense" pursuant to Section 4B.1.2(b) of the Sentencing Guidelines. United States v. Burton, 2014 U.S. App. LEXIS 8585 (11th Cir. May 7, 2014).[10] In addition, Hudson's arguments as to his manslaughter conviction were not included in his original § 2255 motion and do not relate back to the claims stated therein and are, therefore, untimely.

Hudson stipulated at trial that he had a prior conviction for cocaine trafficking, and he has at no time disputed that he had a prior conviction for manslaughter (even though his counsel argued to this Court that Hudson should not have plead guilty to such a charge when he did so in state court in 2006); both of

---

[9]For example, Hudson was precluded at trial from challenging the use of the state conviction for cocaine possession as a predicate for a sentencing enhancement under 21 U.S.C. § 851, as such challenges must be brought within five years of the prior conviction.

[10]The decision in Burton examined the relevant Florida Statutes, including the 2002 amendment which converted one aspect of the mens rea element from an element of the crime into an affirmative defense. Hudson was convicted under the relevant statute in 2004.

5

these crimes clearly fit the category of predicate offenses for a career offender enhancement. Thus, even if the claimed error was cognizable on collateral review, and even if Hudson's arguments as to the manslaughter conviction had been raised in his initial § 2255 Motion, Hudson's claims ultimately fail on the merits, as both of his prior state court convictions clearly meet the requirements of the Sentencing Guidelines as to career offenders, Section 4B1.2; moreover, the claimed error does not rise to a constitutional level. Finally, the Court finds no basis for relief pursuant to Windsor - which does not appear to be applicable to this case.

In summary, even if any of Hudson's untimely arguments were available to him, he simply would not be able to prevail on the merits of these arguments. After a review of the well-reasoned Report and Supplemental Report of the Magistrate Judge, and being otherwise briefed in the premises, it is

ORDERED AND ADJUDGED that the Report and Supplemental Report, and Recommendations contained therein, be adopted by this Court. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED. The Court has considered the Motion as supplemented, to the extent that such supplemental arguments related to the content of the original motion. The Court also has considered Hudson's arguments related to the enhanced sentence imposed, and has rejected Hudson's arguments. No certificate of appealability is to be issued. This case is closed.

DONE AND ORDERED in Miami, Florida, this 26th day of September, 2014.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:
> Magistrate Judge White
> Roy K. Altman, AUSA
> **Eddie Lee Hudson**, Reg. No. 86276-004
> > FCC-Coleman (Medium)
> > P.O. Box 1032
> > Coleman, FL 33521-1032